## Philadelphia County Consolidation

RUBENDALL, Deputy Attorney General, April 1, 1953.—You have inquired whether, under the recent consolidation amendment relating to Philadelphia and known as article XIV, sec. 8, of the Constitution, it is now correct to say that Pennsylvania contains only 66 counties, whereas prior to the effective date of the amendment, there were 67.

By reference to article XIV, sec. 8, it will be observed that in Philadelphia all county offices were abolished on the effective date of the amendment and that since then all laws applicable to the County of Philadelphia apply to the City of Philadelphia, that the city has assumed and taken over all powers, property, obligations and indebtedness of the County of Philadelphia, and that local and special legislation may now be enacted relating to Philadelphia, notwithstanding the provisions of article III, sec. 7, of the Constitution.

The language of the amendment is, in part, as follows:

"In Philadelphia all county offices are hereby abolished, and the city shall henceforth perform all functions of county government within its area through officers selected in such manner as may be provided by law."

The amendment does not purport to abolish the County of Philadelphia as a geographic unit of the Commonwealth nor does it expressly abolish it as a governmental unit. It does abolish the county offices but the county government is continued with its functions being performed by the City Government of Philadelphia.

The title to the joint resolution proposing the amendment would seem to make this clear. It is as follows:

"A Joint Resolution proposing an amendment to article fourteen of the Constitution of the Commonwealth of Pennsylvania, by adding thereto a section abolishing county offices in Philadelphia and providing for the performance of county functions by the city of Philadelphia."

In the light of this title an interpretation that the amendment abolished the County of Philadelphia as an entity might well be held unconstitutional as going

beyond the subject clearly expressed in the title: Constitution of Pennsylvania, article III, sec. 3.

Furthermore, to continue effective a number of the provisions of the Constitution it is necessary to conclude that the County of Philadelphia still exists.

A few examples will suffice.

Article V, sec. 6, of the Constitution provides that:

"In the county of Philadelphia all the jurisdiction and powers now vested in the district courts and courts of common pleas . . . shall be . . . vested in five distinct and separate courts of equal and coordinate jurisdiction, composed of three judges each. . . ."

Article V, sec. 10, provides that:

"The judges of the courts of common pleas, within their respective counties, shall have power to issue writs of certiorari . . ."

Article V, sec. 22, provides that:

"In every county wherein the population shall exceed one hundred and fifty thousand, the General Assembly shall . . . establish a separate orphans' court . . ."

Article VIII, sec. 16, provides that:

"The courts of common pleas of the several counties of the Commonwealth shall have power, within their respective jurisdictions, to appoint overseers of election to supervise the proceedings of election officers . . ."

The courts are still State courts, and the districts within which they sit are composed of counties. See Article V, secs. 4 and 5 of the Constitution.

Then too, sections 16 and 17 of article II setting up, respectively, senatorial and representative districts require the continuation of Philadelphia County as a geographic subdivision of the State or the apportionment of seats which presupposes that the State will continue to be completely divided into counties would be made ineffective.

It might be contended that the foregoing examples do not compel the interpretation we have made because paragraph 3 of the amendment provides that "All laws applicable to the County of Philadelphia shall apply to the city of Philadelphia", and this would include provisions of the Constitution applicable to Philadelphia County.

While it is true that the term "laws" is sometimes used in a broad sense to include both constitutional and statutory law, we are of the opinion that it was used in the amendment in its general sense to mean legislative enactments and not to include the organic law of the Constitution: 16 C. J. S. 20, §1, Constitutional Law. This interpretation is in keeping with the use of the word "law" or "laws" throughout our Constitution.

A final reason for holding that the County of Philadelphia continues to exist is found in section 21 of The General County Law of May 2, 1929, P. L. 1278, 16 PS §21, which provides that the State shall be divided into counties, naming them, "as now by law established". The Act of April 15, 1834, P. L. 537, made a similar provision. Philadelphia is one of the three original counties established at the first settlement of the Province in 1682. To disestablish it as a county would seem to require an express act to that effect and cannot be inferred from the amendment here under discussion.

Article XIV, sec. 8, of the Constitution did not change the word "county" to "city" throughout the Constitution whenever Philadelphia was involved. It expressly abolished county offices in Philadelphia and made them city offices. It expressly provided that the functions of the county government in Philadelphia should be performed by the city government. It expressly provided that special and local legislation can be enacted relating to Philadelphia.

These are the only changes which the so-called con-

solidation amendment made. It did not wipe out Philadelphia County as a geographical area of the State, and to give proper meaning and effect to other provisions of the Constitution which are applicable throughout the State, Philadelphia County must still be recognized as existing.

It is our opinion that it is incorrect to say that Pennsylvania now has only 66 counties. It has 67 counties today as it had before the Philadelphia consolidation amendment to the Constitution was adopted in November 1951.